## BOARD OF COMMISSIONERS v. UNION PACIFIC RAILROAD COMPANY.

(No. 907; Decided April 1st, 1918; 171 Pac. 668.)

CONSTITUTIONAL LAW—VALIDITY OF STATUTE—TESTS—COUNTIES—INVALID DONATIONS.

1. The true test of the validity of a statute regularly enacted is whether or not it violates limitations imposed by the Constitution, either in express terms or by clear implication.

2. Laws 1915, Chapter 55, authorizing a tax by counties for the creation of funds to aid incorporated fair associations is in violation of Constitution, Art. XVI, Section 6, prohibiting counties from making donations to any association except for the necessary support of the poor, and is, therefore, void.

QUESTIONS certified from the District Court, Carbon County; HON. V. J. TIDBALL, Judge.

Action by the Board of the County Commissioners of the County of Carbon against the Union Pacific Railroad Company, for the collection of a tax levied to aid an incorporated fair association. Defendant demurred to the petition, and the court certified certain questions of a constitutional character to the Supreme Court for decision.

*A. J. Rosier,* for plaintiff.

*Herbert V. Lacey* and *John W. Lacey,* for defendant.

The statute, Chapter 55, Laws 1915, authorizing a tax by counties for the aid of incorporated fair associations is in

clear violation of the State Constitution (Art. XVI, Section 6), and is therefore void; the tax levied by the county commissioners of Carbon County pursuant thereto is uncollectable. The Constitution expressly prohibits the making of donations by counties to or in aid of any individual, association or corporation, except for the necessary support of the poor. The fact that the fair association was organized for the development of the county resources does not change the situation.

BEARD, JUSTICE.

In this case the constitutionality of Chapter 55 of the Session Laws of 1915 having arisen in the District Court, that court upon the joint motion of the parties and upon its own motion, reserved its decision of the question, and under the provisions of Sections 5136, 5137 and 5138 of the Compiled Statutes of 1910 certified that question to this court for its decision. The question arose upon a demurrer to the plaintiff's petition, the substance of the material averments of which are that Carbon County Fair Association was and is a private corporation organized and existing under and by virtue of the laws of this state, having its principal office and place of business in Carbon County. That said association, according to its articles of incorporation, was organized for the purposes of conducting fairs within said county, and for the development of the resources of said county. That on June 2, 1915, the said association by its proper officers duly made application in writing to the plaintiff, in the manner provided by law, for an appropriation by plaintiff of the sum of $2,500.00 in the manner provided in said Chapter 55, S. L. 1915, and in conformity therewith. The plaintiff granted said application, and thereafter on September 7, 1915, levied a tax of $.00016 on each dollar of the assessed valuation of the taxable property within said county for the year 1915, to pay said association said sum. That defendant's proportionate share of said tax upon its property subject to taxation in said county for said year was $691.14. That on December 31,

1915, defendant served a notice in writing upon the county treasurer of said county that it refused to pay said tax or any part thereof, and has ever since refused to pay the same.

The defendant demurred to the petition on the ground that it failed to state facts sufficient to constitute a cause of action, and in various forms and language challenged the constitutionality of said Chapter 55.

The first section of said Chapter 55, which is the only one involved here, is as follows:

"Whenever it appears to the board of county commissioners of any of the several counties of the state that a county fair association has been duly incorporated under the laws of Wyoming, whose articles of incorporation show that the association was organized for the development of the county resources and that the association has expended in actual money the sum of not less than two thousand ($2,000.00) dollars for improvements, and that the association is being managed by competent and reputable business people, and whose executive officers shall make an application in writing for financial assistance, the board of county commissioners of such county may levy upon all taxable property in such county a tax on each and every dollar of assessed valuation, which tax shall be levied and collected in a manner provided by law for levying and collecting of state and county taxes, and contribute the amount so levied and collected to the purposes of such fair association; provided, however, that the tax so levied shall amount to a sum of not to exceed twenty-five hundred ($2,500.00) dollars in a first class county, two thousand ($2,000.00) dollars in a second class county, and fifteen hundred ($1,500.00) dollars in a third class county for each and every calendar year."

Counsel for defendant contend that said section violates the provisions of Section 6, Article XVI, of the Constitution of this state, which reads: "Neither the state nor any county, city, township, town, school district, or any other political sub-division, shall loan or give its credit or make donations to or in aid of any individual, association or cor-

poration, except for necessary support of the poor, nor subscribe to or become the owner of the capital stock of any association or corporation."

The questions certified by the District Court to this court for its decision are seven in number, or rather the single question of the constitutionality of said statute is stated in seven different forms which need not be here set out at length.

The true test of the validity of a statute regularly enacted is whether or not it violates limitations imposed by the Constitution either in express terms or by clear implication. (12 C. J. 749.) In this case the constitutional limitation upon the power of the state, counties, etc., is expressed in clear and definite language susceptible of but one construction, viz.: the absolute prohibition of the state or any political sub-division thereof from loaning or giving its credit or making donations to or in aid of any corporation, except for the necessary support of the poor. In this instance the appropriation made by the plaintiff to said association was unquestionably a donation by the county to and in aid of said corporation, and the statute attempting to authorize it comes clearly within the constitutional prohibition. That it was the intention of the framers of the Constitution and the people in adopting it to prohibit all such donations as this statute attempts to authorize is made still more certain by the single definite exception contained in the section. Nor are we without precedent for so holding. Under a quite similar provision of the Constitution of Pennsylvania a statute providing for the support, out of the county treasury of the sick and injured poor, when under treatment in hospitals conducted by private corporations was held unconstitutional as being in violation of the provision: "The General Assembly shall not authorize any county, city, borough, township or incorporated district to become a stockholder in any company, association, institution or corporation; or to obtain or appropriate money for, or to loan its credit to any corporation, association, institution or individual." (Wilkesbarre City Hospital v. County of Lu-

zerne, 84 Pa. St. 55. See also Garland v. Board of Revenue of Montgomery County, 87 Ala. 223, 6 South, 402.) The attorney general of this state also advised the county attorney of Uinta County, in an opinion dated February 6, 1917, that said statute violated the provisions of Section 6, Article XVI, of the Constitution, and was void.

The conflict between the statute in question and the constitutional provision is so apparent and direct that, reluctant as the court is to declare an act of the Legislature invalid, we are convinced that we would not be discharging our duty in this instance if we did otherwise. We therefore hold that Section 1, Chapter 55, of the Session Laws of 1915, is unconstitutional and void; and as such holding fully answers the several questions reserved and submitted to this court for decision, no further answers need be returned.

POTTER, C. J., and MENTZER, District Judge, concur.

JUSTICE BLYDENBURGH having announced his disqualification to sit in this case, HON. WM. C. MENTZER, Judge of the First Judicial District, was called in and sat in his stead.